The case on the docket is in re Application for Tax Deed-Chester v. Acomb et al. Mr. Mota and Mr. Totian. My name is Steve Mota. I'm representing the accountant Rebecca Chester in this case. Rebecca Chester and her father were the owner of property. They owned a house in an adjacent 20 acres. This case involves the adjacent 20 acres. The property was sold in the year 2000 for tax. We're talking about the 20 acres. Rebecca Chester's father died in 2002. A man by the name of Acomb purchased the property for tax sale. He filed an application for tax deed. He did in December of 2003 obtain a tax deed. He sold the property to a people by the name of Cranford in June of 2004. Rebecca Chester filed a petition under 214-01 in July of 2005. The Cranfords intervened claiming that they were bona fide purchasers and that anything that happened in the tax court case subsequent to them buying it did not affect them. There were cross motions for summary judgment and the court ruled in favor of the Cranfords and it's from that order that this appeal is taken. The Cranfords derived their title from the tax deed. Their whole claim is that they are bona fide purchasers. But when you're a bona fide purchaser from somebody who bought it at a tax sale and got a tax deed, you have an obligation to exercise due diligence and examine the tax court case to see whether or not everything was done properly. There are a number of defects in the tax case. The Illinois Constitution requires before property is sold that notice be given to the property owner. In following that constitutional provision, the Illinois legislature established a pattern of notice procedures which, if followed, are designed to give notice to the property owner. The statute says in order to get a tax deed, you must comply with those notice provisions. The first notice that must be given is the notice after the sale of the property. The property is sold, there's a two-year period of redemption, and then you can apply for a tax deed. So within the first four months or so, their notice has to go out and that is sent out by the county clerk. That must be sent by registered or certified mail. If you look at the court file, there is no evidence in the court file that shows that that notice was sent, registered or certified mail. There is no return received showing that it was received by my client. After the petition for... Don't notice that it was sent or that it wasn't delivered or signed for. Nobody knows. There's nothing in the record that shows it was even sent. There's a copy of it in the file, but it doesn't indicate it was sent and it certainly does not show that it was actually received. Just a copy of the notice. Just a copy of the notice. Once the petition is filed, there are three separate notices that must be filed on the property owner. And this is basically the obligation of the person seeking to get the deed. The first notice, again, must be sent by certified or registered mail return receipt. This is a notice that is given to the clerk by the tax purchaser. The clerk then sends it out to the property owner. In this case, what happened is it was sent out, but it came back unclaimed. It was never served on the owners of the property. There was no further attempt reflected in the file where this notice was given to my client. There were no additional steps taken to try and find Rebecca Chester, who lived right next door to this property. The second notice that must be given is there must be service of this notice. Pardon me. Was it returned? It was returned unclaimed. Unclaimed. No, that was what was on the outside of the envelope? That's what was on the outside of the envelope. It didn't say address, then no one or anything else? It just said returned unclaimed. And what does that mean in your mind? It means to me that the person didn't pick it up. It does not mean that it was not a good address. It could have been served by some other method. But I think the cases indicate, there's a Supreme Court case that says where it's the duty of the state to send the notice and it comes back unclaimed, they have the duty to make sure that that notice is served, and nothing further was done. The second notice that must be served is by the sheriff. If the person lives in the county, it must be served by the sheriff on that individual. There has to be a return by the sheriff showing that it was served, or if it couldn't be served, the return must reflect that it wasn't served, and that's a part of the record in the tax court case. In this case, there is absolutely nothing in the file that indicates that there was ever an attempt by the sheriff to serve this notice. There is no return showing it was served. There is no return showing it couldn't be served. There is no affidavit by the tax purchaser showing due diligence that they couldn't find the person. There was just absolutely nothing in the file to show that this notice was served. The third notice that must be served is by publication. There was a publication in this case, but that publication was defective. The publication must be within three to five months prior to the expiration of the period of redemption, and all of these notices are given with the idea that the property owner must know when his right of redemption expires to come in and redeem the property. The publication began July 15th. The redemption period expired October 11th. It was not published within the three to five year period. Also, the fact that there was a publication does not cure the defect of no personal service. There was no affidavit, as I've indicated before, showing that you couldn't serve by the sheriff, and that you couldn't find the person in the county, and you couldn't find any way to serve that person by the sheriff, and then ask the court to publish as substituted service. None of that's in the file. The only thing that's in the file is a certificate of publication. The certificate of publication gives rise to another defect. When the petition for tax deed was filed, the legal description of the property was not the property that Mr. Aikman bought at the tax sale. The legal description was not of the 20 acres. The legal description was of Rebecca Chester's house. That's the description that was in the petition for tax deed. That was also the description that was in the publication. The description of the property that Mr. Aikman actually got a deed to was never described in the petition or in the publication. There was never an amended petition filed where Mr. Aikman said, I made a mistake on the description, here's the correct legal description. What happened is there was a court order saying that there was publication and directed the clerk to issue the deed. The clerk issued the deed for the legal description for the property that Mr. Aikman purchased. The statute further says that the tax notice provisions must be strictly construed. And it puts that burden upon the judge to make sure that there's strict compliance with the publication provisions. Not only that, before the judge signs the order saying that the tax deed should be issued, the plaintiff, or the petitioner in this case, must file a report of proceedings showing strict compliance with the statute. That was never filed. There's nothing in the file to indicate that there was compliance with all of the notice provisions. Let me ask you, you agree that this is an in-rim proceeding? Yes. And you agree, then you would agree that the court had jurisdiction to enter these orders, but you disagree that the tax deed should have been issued because there was not compliance with the notice requirements? I disagree that they had the authority to enter the order if the notice provisions are not complied with. Well, the court has jurisdiction. It had the power to enter the order. It had in-rim jurisdiction, but I don't know how you couple that with the Constitution, which says before you can enter those orders, you must give notice. Judge Harrison, the first paragraph of his order said that your client had actual notice of these proceedings, and that resolves the constitutional issue. Is it true that she had actual notice of this? No, she did not. We know that she went to the courthouse and tried to redeem, did redeem the house, but did not redeem the 20 acres before the tax deed was entered? Yes. Now, how can you say she did not have notice of it if she attempted to redeem it? She never attempted to redeem from the 20 acres. She got a separate notice on her house. That was a separate sale, and it was sold to somebody other than Mr. Acom. They followed the appropriate procedure of notice. She got the notice on her house, which was some $14,000 that she redeemed from. She went to the courthouse, and she took that notice, and they said, here's how you redeem. I thought there was testimony that she gave that said that she thought she was redeeming both properties. She thought she was redeeming both properties. So she did have notice about the sale of the other property. No, she never had notice that the other property had been sold. All she had was the notice on her house. And she was making the assumption that this covered both pieces of property. Why did you bring an action against the Madison County Treasurer, Fred Bathon? Wasn't that because you felt that his agent had given improper advice? That was combined under the tax fund, and that issue has yet to be resolved as to whether or not the tax fund would cover any loss in this case. That's the other question I've got. So is the cause of action still pending against the Treasurer? Yes. There's no 304 finding in this case. This is brought up on 301. I mean, if there's still unresolved, an issue against one of the defendants, I mean, we always have to question jurisdiction. What about Acom? What is the status of that case? Mr. Acom filed an action. Bankruptcy. You've got that in there. And did you dismiss against him? Yes. So he's dismissed out. He's out. But Bathon's still in. Right. That's a totally separate issue. It's in the same case. It's in the same case. But there was a specific finding on this, no reason to delay appeal. There is a 304 finding? Yes. Okay. That, I believe, was in the motion to reconsider the post-trial. Maybe I read it in a different case, but I thought your jurisdiction states we were up here on 301, 303. And if I'm not mistaken, I think under 214.01, I don't think you need a special finding if there's a denial of petition. If you've already got it, you're probably right on the other two. Well, I wanted to cover all bases. But getting back, I think there is what's called in-room jurisdiction, but you still have to follow the procedure of the statute to give the property owner notice. And it's evident from the court file that no notice was given. There's nothing in the file that indicates that there was proper notice for this property, for this tax petition, to this owner. And unless you do that, even though they have actual notice, they have to make sure they've done all these statutory requirements, even if they have actual notice, which from her deposition, or at least I think that's where this comes from, where she said she went there to redeem the property. And I think that's confusing because I think she knew about her house, and she knew that the taxes hadn't been paid, but she didn't know specifically on her lot. In other words, why would she have not redeemed from her lot, which was $122, when she paid $14,000 to redeem her house? Did she think she was redeeming for both of them? Because that's what I thought the deposition said, is that she thought that she was redeeming for both of them. That's right. But that means she knew that she needed to redeem both of them. I think she knew that there were taxes on both properties, and I think she was trying to bring everything to her end. And I think that was her understanding when she left the clerk's office. But if Mr. Acob had followed the notice procedure, she would have known she had redeemed from that other sale. But he didn't do it. And there's nothing in the order that says he has complied with all the notice provisions. So the unredeemed property was only $127? Pardon? The unredeemed property was how much? $122. A year? Total. Total. It may have been a few dollars more than that, but it was under $200. Per how many years? That was the year 2000, I believe, was the year it was sold. 20 acres? 20 acres. Pretty good deal, isn't it? Yes. Especially when the taxes reflect that Mr. Acob sold the property for $50,000. I think that the other fact is that I think when Mr. Acob presented this to the court, I think there was fraud committed on the court. He presents an order saying that she has notice. He doesn't say that he served all the notices. He doesn't disclose it was the wrong description for the property. He just gets an order signing it, and then he goes into the clerk's office and gets a deed for an entirely different piece of property than what's described in the petition. Well, if this was against Mr. Acob, it's an especially good point, but we do know he filed bankruptcy, and he's no longer in the case. We're dealing with the bona fide purchaser status of the Cranfords, and why do you think they're not bona fide purchasers? I don't think they're bona fide purchasers because if they have a tax deed that they're looking, and that's the basis of their title, you can't rely on the tax deed. Just like if you have a deed in the foreclosure case, you can't rely on the deed. You've got to look back at the proceeding to make sure that everything, that there was jurisdiction, that there was notices given in order to determine whether or not that's a valid deed. Is it reasonable for them to rely on the title company? Didn't they get the deed, a warranty deed? They had a warranty deed that had gone, is it in evidence that it went through the title company? It went through the title company, but they hired the title company. The title company was insuring them. The title company took the place of, when I first started practicing law, I examined abstracts or points. And you'd go through the abstract, and if you ran into a tax deed, abstract it in there. What the abstractor would do would abstract the tax deed information, and you'd go through it to see whether or not the statute was compliant with it. The title company does the same thing when they issue the title policy. They check the title to see whether or not there are any defects in the title. Well, obviously there were defects in this title. They can't turn a blind eye saying that, well, we got an order that says we got the deed, we got the deed, and that's all we have to worry about. In this case, the court granted summary judgment. Right. Are you here asking for relief that you should have got summary judgment, or are you asking for an evidentiary hearing? I'm asking that the order be reversed and that summary judgment be entered in our favor. So you do agree, summary judgment won either for you or for them. You just think it should be in your favor. You're not requesting an evidentiary hearing. I don't think there are any factual issues in this case. Okay. Thank you. Thank you. Hi. May it please the Court, my name is Sandra Titoyan. I represent Timothy and Denise Cranford. They're the interveners in the appellee's hearing. The issues on appeal, as Mr. Motel stated, did the court have jurisdiction to issue a tax deed, and were the Cranfords bona fide purchasers? And I'm going to address four points today as to why the answer to both those issues is yes, and why the trial court should be affirmed. First, the trial court had, and you've already stated this, they had interim jurisdiction over the 20 acres, and it was not personal jurisdiction that they needed over Ms. Chester to issue the tax deed. Second, Ms. Chester did not meet her burden of proving fraud on the part of Mr. A. Coleman obtaining the tax deed. Third, she did not meet her burden of proving that the total lack of notice, which is required under the fourth grounds for relief under the property tax code. And finally, that because the Cranfords had no notice of Ms. Chester's interest, and they paid value, $50,000 for the 20 acres, they are in fact bona fide purchasers. While I agree with the record here was devoid of whether or not she had actual service of the notices, whether or not they were, she received them certified mail. But anything that we can assume as to why the trial court entered this order, we're just speculating. We don't know that Mr. A. Coleman made any misrepresentations or representations to him. We don't know that the trial court did not in fact mail the notice after they did the certified mailing. We do know that she received some kind of notice as to her tax being sold. And just to address the point of whether or not 304 finding was made, it was on the court records, page 414. In her deposition, Ms. Chester admitted that she received some kind of paperwork. She received it at her house. She did not read it. She did not know what it was. So apparently it didn't matter what it said, but she somehow did know to take that paperwork to the county clerk's office to go see what her taxes were for her house and the 20 acres. And she in fact testified that she went there to redeem. And I questioned her several times on that issue. What did you go to redeem? She said repeatedly, her house and the 20 acres. So she had notice. She had received something. She didn't read it, but she didn't rely on that notice. She just knew that she needed to go pay those taxes. She asked the clerk at the county clerk's office that day, does this amount redeem both my house and the 20 acres? And she apparently repeatedly asked the clerk that over and over. Does the record reflect that? Did you ask her how long she had owned these two separate parcels? I believe, I don't think the record reflects that, but it was several years. How long had she known them for 20 years? She received two tax bills every year. It wasn't 20 years. I think it may have been more of 10 years. I don't know that. If that is in the record? I don't know that that's in the record, how long she owned it. She also testified, though, that it was her father who, I guess, took care of this before he passed away, took care of paying the tax bills. So she went to the clerk's office. She asked him how much do I need to redeem this? They told her an amount. She asked him over and over, and she stated this, and I asked her over and over, is this the house and my property? And the answer is yes. Is this the house and my property? Yes. She said she asked her three times. This tries to believe her that this is the house and the property. Unfortunately for her, she did believe him, but it was that conversation that she relied on, not any kind of notice. Even though she intended to redeem both the house and the property, as I said, she only redeemed her house. She received this certificate of redemption and did just state her house on there, that the house taxes were paid. And I need to state that when she went to redeem, went to the county clerk's office to redeem, it was October 2, 2003, and I believe that is part of the record. That's nine days before the expiration of her redemption period for the 20 acres. Then on October 17, 15 days after she attempted to redeem both the house and the 20 acres, that's when the order was entered, finding that there was a certificate of publication and directing the Madison County Clerk to issue a tax deed to Mr. Acone. And other facts that are pertinent here, why the Cranfords are bonafide purchasers, and they entered into the contract. It's undisputed that they paid $50,000 for the property, so there was value there. Did they have notice? No, they didn't have notice. They're liable for looking at what's on the public record. The public record showed that title was in Andy Acone's name. The title commitment showed it was in his name. There was a mortgage in Andy Acone's name for the 20 acres. All that was on the public record. They went out to view the property. It's a vacant lot. It is adjacent to her house, but it is a vacant lot. There was no notice that anybody owned it. I think over a year passed before she filed this where they were living next door to the property and still no notice that anyone else would have an interest in this property. What did they do? Is it in the record what they did with the property for that year? It's not in the record. That's all right then. I couldn't say it was not in the record. Is it unimproved land? Is it farmland? It is unimproved land. I believe it's timber. You stated this before. All the Illinois cases, the Supreme Court, the Appellate Court, and most recently your decision that came out in May of this year, I think it was May 12th, say that tax proceedings are interim proceedings. It's jurisdiction of the land itself, not jurisdiction of the person that is needed that gives the court the power to direct the issuance of a tax deed. And the trial court here acquired jurisdiction once the county clerk applied for judgment and the order of sale of the taxes. Once it had jurisdiction, the trial court retained that jurisdiction. Where there's interim jurisdiction, as you know, personal jurisdiction is not required. The judgment here was sought against the land itself and any errors in the notice requirements, and this is what the courts have said, did not divest the court of jurisdiction to issue a tax deed. Unless the taxes were paid or the property was exempt from taxation, a court will always have jurisdiction to direct the issuance of a tax deed. And in fact, one case from the first district held, and I apologize to Mr. Motaw and I apologize to the court for not citing it in my brief. There's so many cases out there on these proceedings that I didn't find it until yesterday. And it's a Hammond v. S.I. Booth, and it's 899 Northeast 2D 432, and it's the first district. It's a 2008 case. If the council wants to comment on that, you can afterwards. And that first district... Did you say 899 Northeastern 2nd, what's the page? It's 899 Northeast 2nd, 432, and it's the first district. It's a 2008 case. But that first district held that one cannot attack or question the strict compliance of the notice provisions after 30 days of the entry of order of the tax deed. They're limited then to the Section 1401 motion for relief, and the tax code limits that to those four grounds, two of which I've already talked about, where the tax is paid and was the property exempt from taxation. That's not an issue in this case. The other two are what's an issue in this case. So did she prove by clear and convincing evidence that there was fraud in obtaining the tax deed? And the fourth one is proof by a person, by Ms. Chester in this case, that she was not named in the publication notice and that the tax purchaser did not use due diligence. So two elements that she has to meet there. She has to first say that she was not named in the publication notice, but here we know that she was named in the publication notice and there wasn't a diligent inquiry. In this case, this involves these last two. Of those two grounds, the first one I'm going to address was there fraud in obtaining the tax deed. And in seeking relief from a tax deed based on fraud, Ms. Chester was required to prove with clear and convincing evidence that the tax deed was procured by fraud. We don't have clear and convincing evidence that it was. We're speculating as to why the court entered the order that it did. Fraud in this context is a wrongful intent, an act calculated to deceive. There's no evidence in the record that Andy Acomb intended to deceive the court. He did not make, there's no evidence that he made any representations, direct representations, or misrepresentations for that matter to the court. And Ms. Chester is the one who has the burden of proving that by clear and convincing evidence that he obtained the tax deed fraudulently. In the cases that are cited by appellant in their brief, where the courts found fraud, there was either a complete lack of notice, meaning no publication, no notice is sent, and no constructive notice, no actual notice as there is in their case, or there were affirmative statements made to the court by the tax petitioner that yes, they did serve all the notices, when in fact they had not. So they lied to the court in those cases. Those facts are not present here. Even assuming the notices to Ms. Chester were so faulty to rise to that level of fraud, Ms. Chester did not rely on the notices. As I stated before, she didn't read the notices. She did not know what the notices contained. We do not, and it's not part of the record, what notice she actually received. I think it's speculation that the notice that she received when she redeemed the notice was the notice for her house rather than the notices for the 20 acres. And I'd like to point out that in the reply brief of Ms. Chester, they cite two pages in the record stating that she only knew of her house, but those two pages, 362 and 363, aren't the pages that they say they are. They're actually the pages that are part of the Krampus contract purchase. So I'm not sure where they got that from. My third argument is because she could not prove fraud, did she meet her burden of proving that she was not named in the publication notice and that there wasn't a diligent inquiry? And like I said before, that requires two elements. Here, she was clearly named in the publication notice. That's not a dispute. They do dispute that the publication notice had an incorrect legal description, but it had the correct parcel ID number for the 20 acres. And since we can't get past that first element, she didn't meet her burden of proving that first element. We don't even need to get to whether or not she made a diligent inquiry because it's lack of complete notice. And here she had a publication notice. Her argument that the legal description is incorrect, which makes the publication notice deficient, well, the court in Elliott v. Johnson, and more recently this court in SI Securities v. Paulus, and that's the 2010 Westlaw 1952062, which came out in May 12th of 2010, that under no circumstances can an incorrect description of the property set forth in a notice render the judgment void. At most, incorrect legal renders the tax deed voidable. This is because the court has in-rem jurisdiction and acquired it way back when. It's not at this point in acquired jurisdiction. It retained the jurisdiction once it acquired it when the county collector moved to have the taxes sold. In paragraph two of Judge Harrison's order, he has that there was actual notice and that cured any procedural notice problem. Yes. Do you have any cases that would support that proposition of the trial judge in the context of these tax deeds? I do not, Your Honor. I do not. But I believe that due process is not the whole purpose of due process and the notice requirements is to give the person notice before their land is taken. And here she testified that she did know. In fact, she attempted to redeem. She just failed to do so. But again, it wasn't failure on any of the notice requirements. It was a miscommunication between her and the county collector. So she may very well have a claim against the indemnity fund for this. But as far as a bona fide purchaser, she can't vacate this now. Finally, Your Honors, the Cranfords are bona fide purchasers. Section 2-1401 provides that unless lack of jurisdiction affirmatively appears from the record, that vacating or modifying a court order will have no effect against a bona fide purchaser. This court had jurisdiction. It's unquestionable this court had jurisdiction. It had interim jurisdiction. Were they a bona fide purchaser? Yes, they were a bona fide purchaser. They did what they were required to do before they purchased this property. Had they looked at the record, they still would have seen an order in that record stating that the county clerk was directed to issue a tax deed. They still would have seen in that order that there was a publication, all of which were proper. And they had no notice for interest. They viewed the property. They did what they were supposed to do. That's all a bona fide purchaser is held to do is to make a diligent inquiry. They did their diligence. In conclusion, because tax deed proceedings are interim proceedings, personal service on Ms. Chester was never required. She only needed to have notice of the proceedings, a notice she did have. There was Section 22-5 notice that was filed. We don't know if it was served on her. There was the publication notice. We do know that that was actually in the paper. There was a certificate of publication in the paper. But more importantly, she did have actual notice. We don't know what she received. She doesn't know what she received, but she knew that she had to go and redeem her house and her property. Regarding the share of service, what's in the file? As far as share of service, there's nothing. There were any error in the procedural notice. Because she had actual notice, any error in the procedural notice requirements did not offend due process because she had actual notice of the proceedings. In fact, as I stated, she's attempted to redeem her 20 acres nine days before the reduction date expired. The only reason she did not redeem them is because of, like I said, that miscommunication with the county clerk's office. Because she admittedly knew of the tax sale proceedings, she was not prejudiced by any errors in the procedural notice requirements, and I cited that case of Hammond v. Siphon. For these reasons, Your Honors, the trial court should be confirmed. Thank you, counsel. Any rebuttal? With regard to the notice that Judge Harrison found, that was not any notice on this specific case. I think what he was doing was imputing and saying, you have notice, you haven't paid your taxes, therefore you have notice that there's a petition for tax deed. I don't see how those equate because the statute says you must give notice in this case. If you don't, you don't get a deed. And the statute specifically says that in order to issue a deed, the notices required by law have been given, and the court shall so find and enter an order directing the county clerk on a reduction of the certificate to issue the deed. If you look at the court order that was issued when the deed was issued, there is absolutely no finding that any of the notices were served. All it said, certificate of publication filed. That's all it says. Nothing else about notice. Now, if I were examining the title and looking at a tax deed, I'd at least want to look at the court order that was entered. And a court order does not comply with the statute. You cannot be a bona fide purchaser if it's obvious from the statute that the statute was not complied with. And they have a duty when they bought the property to examine the title to see what title they're getting. Thank you. Thank you, counsel. For your brief and argument this morning, the matter of advisement will be in recess for 10 minutes.